UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANDRE L. GORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:15-CV-220-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Andre L. Gorman, a pro se prisoner, filed a Habeas Corpus Petition under 28 U.S.C. § 2254 [ECF No. 1] challenging a prison disciplinary hearing conducted at the Westville Correctional Facility (Westville), in which a hearing officer found Gorman guilty of Threatening Another with Bodily Harm (per case number WCC-15-01-0054). The charges were initiated when Officer Jarrell wrote a Conduct Report on January 2, 2015, stating:

> At approximately 6:59, I, Officer Jarrell, was letting and counting chow back onto dorm. All of chow had returned, except for Offender Andre Gorman #904846. I then called yard sergeant and informed him that this offender was missing at approximately 7:08 a.m. This offender (Gorman) was pounding on the door very hard. I walked over to door and opened it, asking him where he had been. He then started yelling at me saying "Why are you fucking with me?," balling up his fists raising them slightly. I then shut door. Behind me, not turning away from him, Offender Gorman then stepped up to me very closely, screaming into my face, "I'm sick of your shit!" Raising his fists. I then gave this offender direct order to step back and cuff up. Offender Gorman then stepped back but refused to turn around and cuff up, still yelling loudly and with raised fists. I then called the yard sgt. to signal eight the 5WB stairwell. Yard sgt. responded and escorted Offender Gorman to the post two holding area.

[Conduct Report 3–4, ECF No. 1-1.]

The Screening Report [ECF No. 5-2] reflects that Gorman was notified of the offense on January 6, 2015, pled not guilty, requested a lay advocate, and did not request witness statements or physical evidence. A disciplinary hearing was conducted on January 7, 2015, where Gorman

provided the following statement: "All this was, was a disagreement between the two of us. I do get my meds every morning. I take psych meds. He can't hold me responsible if I'm getting my meds." [Report Disciplinary Hr'g 1, ECF No. 5-3.] In addition, Sgt. McCorkle provided a written Statement:

> On 1.1.15 at approximately 700 am Officer Jarrell called me to 5wb for assists with Offender Gorman Andre 9044846 due to Gorman yelling and screaming at Jarrell. By the time I got to the dorm Offender Gorman was walking toward Jarrell in anger with fist balled up. I then took Gorman to Post 2 hold.

(*id.* at 2.)

After considering the Conduct Report, Gorman's Statement, and the staff witness Statement, the hearing officer found Gorman guilty and imposed the following sanctions: 28 days lost phone privileges, 30 days disciplinary segregation, 60 day deprivation of earned time credit, and a suspended demotion in credit class. Gorman's appeals to the facility head and the final reviewing authority were denied.

Here, Gorman raises four claims in his Petition: (1) the hearing officer failed to follow the Indiana Department of Correction (IDOC) policy regarding offenders with mental illness; (2) Gorman was denied an impartial hearing officer; (3) the sanctions are unconstitutional; and (4) the charges are false.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due

process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

First, Gorman contends that the hearing officer failed to follow IDOC policy regarding offenders with mental illnesses. Specifically, he complains that the hearing officer did not contact a mental health professional prior to the hearing. However, even if internal rules or policies were violated, this would not entitle Gorman to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since a federal habeas court "does not sit to correct any errors of state law"). Moreover, Gorman's complaint that the hearing officer did not check his mental health falls outside of the realm of *Wolff,* which does not require consideration of mental health status as part of prison disciplinary hearings. *Wolff* "represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). And, as a final matter, this Court finds that there is nothing in the record to establish that Gorman's mental health issues played any role in this incident, nor did the lack of a mental health assessment violate Gorman's due process associated with the hearing.

Second, Gorman complains that he was denied an impartial hearing officer. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* at 667. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior

disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* Here, not only does Gorman fail to clearly explain why he believes the hearing officer was biased, but there is no indication that the hearing officer was involved, in any way, with the events underlying the charge. It appears that Gorman believes the hearing officer was impartial because the officer ruled against him. However, adverse rulings alone do not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

Third, Gorman contends that the sanctions imposed were excessive. He complains that he was placed in segregation for 30 days, which is a significant hardship due to his mental condition. This ground lacks merit because federal habeas relief is available only as to sanctions that subject an inmate to "custody." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). The only sanction that affected Gorman's custody was the deprivation of earned credit time. Upon review, a 60 day loss of good time credit is permitted for a Class B offense. There is nothing unconstitutional about this sanction.

Fourth, Gorman claims that his rights were violated because the charge was initiated by staff for retaliatory reasons. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). However, Gorman cites to no evidence and provides no argument from which retaliation may be inferred.

Nevertheless, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* In other words, the protections to which Gorman was entitled are the protections afforded by *Wolff*, pursuant to the case's application of the Due Process Clause. Thus, Gorman's claim that the charge was false does not itself entitle him to federal habeas relief. Liberally construed, his claim is more akin to a claim that he was deprived of his due process rights because the evidence was

insufficient to find him guilty. *See Hill*, 472 U.S. at 455 (holding that in order to satisfy due process, there must be "some evidence" to support the hearing officer's decision).

The Court finds that there is sufficient evidence to support the hearing officer's Determination. All that the Respondent must show is that there is some evidence in this case that Gorman threatened Officer Jarrell. The "some evidence" test is not a demanding one. *Id*. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56 (emphasis added). A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). This Court holds that the Conduct Report includes some evidence that Gorman threatened a staff member. *See McPherson*, 188 F.3d at 786 (conduct report alone provided "some evidence" to support disciplinary determination). Accordingly, the "some evidence" standard has been met here. Accordingly, there is sufficient evidence to find Gorman guilty of the charged offense and Gorman has not made a showing that his due process rights have been violated.

## CONCLUSION

For the reasons stated above, the Habeas Corpus Petition [ECF No. 1] is **DENIED** and this case is **DISMISSED**.

SO ORDERED on March 21, 2017.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT